Dear Secretary Johnson
¶ 0 The Attorney General has received your request for an official opinion asking:
May a physical therapist assistant lawfully work under thedirect supervision of a licensed physician, or is a physicaltherapist assistant limited to working only under the directionof a licensed physical therapist?
¶ 1 The answer to your question requires an analysis of the Physical Therapy Practice Act, 59 O.S. 887.1 (1981) et seq., as amended (hereafter referred to as the "Act"), and the statutes regulating physicians licensed to practice medicine in the State of Oklahoma, particularly 59 O.S. 492 (1981).
¶ 2 A "physical therapist assistant" is defined as "a person who assists in the practice of physical therapy subject to thedirection and supervision of a licensed physical therapist, who meets all the educational requirements, and who is licensed pursuant to the provisions of the Physical Therapy Practice Act," pursuant to 59 O.S. 887.2(2) (1988). (Emphasis added.) 59 O.S. 887.3 provides, in part, as follows:
 No person shall designate himself as a physical therapist or physical therapist assistant, nor practice, nor hold himself out to the public as being able to practice physical therapy in this state, unless licensed in accordance with the provisions of the Physical Therapy Practice Act.
¶ 3 The State Board of Medical Licensure and Supervision has direct jurisdiction over licensed physical therapists and licensed physical therapist assistants, pursuant to 59 O.S.887.5 (1988). 59 O.S. 887.13 of the Act provides, in pertinent part, as follows:
 The Board may refuse to issue or renew, or may suspend or revoke a license to any person . . . who:
 1. in the case of practice as a physical therapist assistant, has practiced other than under the direction of a licensed physical therapist[.]
(Emphasis added).
¶ 4 However, title 59 O.S. 492 (1981), relating to the practice of medicine, provides, in pertinent part, as follows:
 [N]othing in this Article shall be so construed as to prohibit the service in the case of emergency, or the domestic administration of family, remedies, or service rendered by a physician's trained assistant . . . if such service be rendered under the direct supervision and control of a licensed physician[.]
(Emphasis added).
¶ 5 The issue, then, becomes whether a physical therapist assistant may be considered a "physician's trained assistant" for purposes of 59 O.S. 492 (1981), so that a physical therapist assistant may render services under the direct supervision of a licensed physician.
¶ 6 A "physician's assistant" is specifically defined by statute as follows:
 A physician's assistant is a skilled person, qualified by academic and clinical training, who provides patient services and other assistance within the established scope of a physician's practice and under the supervision and responsibility of said physician. The activities of a physician's assistant require an understanding of the diagnosis and treatment of disease, but not professional or advanced training in medical science. A physician's assistant must possess a certificate issued by the State Board of Medical Licensure and Supervision prior to engaging in such occupation.
(Emphasis added). See 59 O.S. 520 (1988).
¶ 7 It is clear that, although the Board of Medical Licensure and Supervision issues certificates to both physical therapist assistants and physicians' assistants, such certificates result from separate licensing processes. Therefore, a physical therapist assistant is not synonymous with a "physician's trained assistant" for purposes of 59 O.S. 492 (1981).
¶ 8 Moreover, even in the event that an individual became licensed both as a physical therapist assistant and as a physician's assistant, that individual could not render physical therapy services under a physician's supervision because of the specific prohibitions contained in 59 O.S. 887.2(2) and 59O.S. 887.13 (1988) which forbid physical therapist assistants from rendering services other than under the direction and supervision of a licensed physical therapist.
¶ 9 It is, therefore, the official opinion of the AttorneyGeneral that a licensed physical therapist assistant may renderphysical therapy services only under the direction andsupervision of a licensed physical therapist, pursuant to theprovisions of the Physical Therapy Practice Act, 59 O.S. 887.1(1981) et seq. as amended. The terms of 59 O.S. 492 (1981)do not authorize a physical therapist assistant to renderphysical therapy services solely under the supervision of alicensed physician.
ROBERT H. HENRY ATTORNEY GENERAL OF OKLAHOMA
KATHLYN A. RHODES ASSISTANT ATTORNEY GENERAL